**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

ERIC HAWKINS,

           Plaintiff,

                              Case No. 3:14-cv-1446-J-JRK

vs.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

           Defendant.
_____/

**OPINION AND ORDER**[1]

**I. Status**

Eric Hawkins ("Plaintiff") is appealing the Commissioner of the Social Security Administration's final decision denying his claims for disability insurance benefits ("DIB"). Plaintiff's alleged inability to work is a result of "[h]yperactivity," "bipolar," "depression," "ptsd," and "anxiety." Transcript of Administrative Proceedings (Doc. No. 8; "Tr." or "administrative transcript"), filed February 10, 2015, at 322 (capitalization and emphasis omitted). On April 2, 2012, Plaintiff protectively filed an application for DIB, alleging an onset disability date of May 10, 2010. Tr. at 178-80 (DIB). Plaintiff's "protective filing date" is listed elsewhere in the administrative transcript as March 27, 2012. See Tr. at 21, 64, 76, 307. Plaintiff's application was denied initially, see Tr. at 64-75, 102-07, and upon reconsideration, see Tr. at 76-89, 108-13.

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 7), filed February 10, 2015; Reference Order (Doc. No. 9), entered February 11, 2015.

On October 28, 2013, an Administrative Law Judge ("ALJ") held a hearing during which the ALJ heard testimony from Plaintiff, who was represented by counsel, from Plaintiff's wife, Arlene Hawkins, and a vocational expert ("VE"). Tr. at 39-60. On January 31, 2014, the ALJ issued a Decision finding Plaintiff not disabled and denying Plaintiff's claim. Tr. at 21-30. Plaintiff then requested review by the Appeals Council, Tr. at 7-8, and submitted evidence to the Council in the form of a brief authored by his attorney representative and a Mental Medical Source Statement from Michael Sorna, M.D. Tr. at 5; see Tr. at 384-85 (representative's brief), 1758-61 (records from Dr. Sorna). On October 22, 2014, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, thereby making the ALJ's Decision the final decision of the Commissioner. On November 28, 2014, Plaintiff commenced this action under 42 U.S.C. § 405(g), by timely filing a Complaint (Doc. No. 1), seeking judicial review of the Commissioner's final decision.

Plaintiff raises two issues on appeal: whether "the ALJ properly consider[ed] the fact that [Plaintiff] was given a service connected 100% disability rating by the [Veterans Administration (VA)] and found to be incompetent to control or manage his own affairs"; and whether "[t]he ALJ adequately evaluate[d] the medical opinion evidence as to the severity of [Plaintiff's] mental impairments and his resulting functional limitations that were offered by a VA examining physician[.]"[2] Memorandum in Support of Plaintiff's Appeal of the Commissioner's Decision (Doc. No. 14; "Pl.'s Mem."), filed May 13, 2015, at 1-2, 6-18 (italics omitted). On August 20, 2015, Defendant responded by filing a Memorandum in Support of the Commissioner's Decision (Doc. No. 19; "Def.'s Mem.").

---

[2] Here, Plaintiff is referring to an examining psychologist, Scott Sumerall, Ph.D. The ALJ does not refer to Dr. Sumerall by name in her Decision.

After a thorough review of the entire record and consideration of the parties' respective filings, the undersigned finds that the Commissioner's final decision is due to be affirmed for the reasons stated herein.

## II. The ALJ's Decision

When determining whether an individual is disabled,[3] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four and, at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ proceeded through step four of the five-step inquiry, where her inquiry ended based on her step four finding. See Tr. at 23-30. At step one, the ALJ noted that Plaintiff "worked after the alleged onset date but this work activity did not rise to the level of substantial gainful activity." Tr. at 23. Accordingly, the ALJ found at step one that Plaintiff "has not engaged in substantial gainful activity since May 10, 2010, the alleged onset date." Tr. at 23 (emphasis and citations omitted). At step two, the ALJ found Plaintiff "has the following severe impairments: cognitive disorder, NOS; attention deficit hyperactivity disorder

---

[3] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]"  42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

(ADHD); bipolar disorder; an anxiety disorder (PTSD); and polysubstance dependency in reported remission." Tr. at 23 (emphasis and citations omitted). At step three, the ALJ ascertained Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." Tr. at 24 (emphasis and citations omitted).

The ALJ determined Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a full range of work at all exertional levels, but is limited to simple routine tasks in a work environment with only occasional changes, and with no exposure to the public.

Tr. at 25 (emphasis omitted). At step four, the ALJ found, with the assistance of the VE, that Plaintiff "is capable of performing past relevant work as an order picker and housekeeping cleaner. This work does not require performance of work-related activities precluded by [Plaintiff's] RFC." Tr. at 29 (emphasis and citation omitted). Because the ALJ found Plaintiff capable of performing his past relevant work, the ALJ was not required to and did not proceed to step five. Accordingly, the ALJ concluded that Plaintiff "has not been under a disability . . . from May 10, 2010, through the date of th[e D]ecision." Tr. at 30 (emphasis and citation omitted).

### III. Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence' . . . ." Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting

Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (internal quotation and citations omitted); see also McRoberts v. Bowen, 841 F.2d 1077, 1080 (11th Cir. 1988); Walker v. Bowen, 826 F.2d 996, 999 (11th Cir. 1987). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence–even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.  Discussion

In his first argument, Plaintiff contends that "the ALJ's lack of any substantive discussion of the VA's 100% disability rating results in an inadequate decision that cannot withstand judicial review." Pl.'s Mem. at 6. In a related argument, Plaintiff contends that the ALJ failed to consider all the medical evidence and specifically failed to explain why she rejected the opinions of Dr. Sumerall, whose opinions regarding Plaintiff's mental impairment functional limitations were the basis for the VA finding Plaintiff to be 100% disabled. Id. at 15-18.  The issues are addressed in turn.

**A.    VA Disability Rating**

Plaintiff argues that the ALJ only mentioned one time the VA's finding that he was totally disabled. Pl.'s Mem. at 6. Plaintiff contends that the ALJ was obligated to attribute great weight to the VA's 100% disability rating, and that the ALJ's lack of any substantive

discussion regarding the VA rating constitutes reversible error. Id. at 6-13. In response, Defendant argues that the ALJ appropriately considered the VA disability rating. Def.'s Mem. at 10 . According to Defendant, the ALJ was not required to state the weight given the rating provided "the record shows that [s]he expressly considered" the VA's finding. Id. at 11 (quoting Adams v. Comm'r of Soc. Sec., 542 F. App'x 854, 857 (11th Cir. 2013)).

"'Although the V.A.'s disability rating is not binding on the [Commissioner of the Social Security Administration], it is evidence that should be given great weight.'" Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984) (quoting Olson v. Schweiker, 663 F.2d 593, 597 n.4 (5th Cir. 1981));[4] see also 20 C.F.R. § 404.1504; Adams, 542 F. App'x at 856 (citation omitted). Defendant is correct, however, that an ALJ need not specifically state the weight attributed to a VA disability finding provided the record supports that the ALJ "expressly considered and closely scrutinized" a VA disability rating. Adams, 542 F. App'x at 857. Additionally, the United States Court of Appeals for the Eleventh Circuit has upheld a decision denying social security benefits when the ALJ "continuously refer[red] to the VA's evaluations and disability rating throughout the evaluation process," "relied on the VA records and referenced the disability ratings, in addition to the rest of the relevant evidence, throughout his decision," and "gave specific reasons for why the VA's 30% disability rating based on PTSD did not qualify the condition as a severe impairment under the SSA guidelines." Kemp v. Astrue, 308 F. App'x 423, 426 (11th Cir. 2009).

In a letter dated December 9, 2010, the VA advised Plaintiff that "[t]he information contained in your VA examination dated November 6, 2010, showed that you are not able

---

[4] In Bonner v. City of Prichard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc), the United States Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former United States Court of Appeals for the Fifth Circuit that were rendered prior to the close of business on September 30, 1981.

to manage your personal affairs to include disbursement of funds." Tr. at 1545. The letter indicates Plaintiff "was not competent for VA purposes." Tr. at 1545. In a July 8, 2011 letter, the VA certified that Plaintiff has a "service connected disability rating of 100% and received an honorable discharge." Tr. at 1544. The 100% disability rating was based on Plaintiff's disabilities of "PTSD with bipolar affective disorder, attention deficit hyperactivity disorder, and substance abuse." Tr. at 1544. As noted by Defendant, the VA's certification of 100% disability in the July 2011 letter included "no report of decision, report of examination or statement of medical findings." Def. Mem. at 3.

Upon review of the ALJ's Decision, the undersigned finds that the ALJ clearly considered and thoroughly discussed and scrutinized the VA records throughout her Decision. Accordingly, the undersigned declines to accept Plaintiff's argument that the disability rating should have been more thoroughly discussed.

The ALJ made one specific reference to the VA disability rating of Plaintiff in her Decision, stating as follows:

> Even though the [VA] declared that [Plaintiff] was unemployable in November 2010 (Exhibit 6F), Social Security regulation 20 CFR [§] 404.1504 provides that a decision by any agency about whether you are disabled is based on its rules and is not our decision about whether you are disabled. Therefore, a determination made by another agency that you are disabled and unable to work is not binding on us.

Tr. at 26. Elsewhere in the Decision, the ALJ considered and made a number of specific references to the VA records, but did not always refer to them by name; rather, she referred to exhibit numbers. The VA records make up the bulk of the medical evidence in the administrative transcript and can be found in Exhibits 1F (Tr. at 386-425); 2F (Tr. at 426-1397); 3F (Tr. at 1398-1528); 6F (Tr. at 1544-49); 10F (Tr. at 1574-1637); 11F (Tr. at 1638-1713); 13F (Tr. at 1717-44); and 14F (Tr. at 1745-53). The ALJ discussed exhibits 1F, 2F,

-7-

3F, 10F, 11F, 13F, and 14F at her step two finding. Tr. at 23-24. At step three, the ALJ referenced the VA records in exhibit 10F and a September 2010 VA record. Tr. at 24. And, in her assessment of Plaintiff's RFC, the ALJ included a lengthy discussion of the VA records contained in exhibits 1F, 2F, 6F, 10F, 13F, and 14F. Tr. at 26-28.

As referenced above, the ALJ concluded at step two that Plaintiff had severe impairments of "cognitive disorder, NOS; attention deficit hyperactivity disorder (ADHD); bipolar disorder; and anxiety disorder (PTSD); and polysubstance dependency in reported remission." Tr. at 23 (emphasis and citation omitted). In making this finding, it is apparent the ALJ thoroughly considered the VA records. In that regard, the ALJ noted:

> The medical evidence of record documents a longstanding history of treatment through the [VA] for mental health issues. The voluminous medical records reflect diagnoses including cognitive disorder, ADHD, bipolar disorder, PTSD, alcohol dependence in reported remission, and cocaine dependence in reported remission. Treatment has consisted of psychotropic medication management, group therapy, individual psychotherapy, and participation in drug rehabilitation treatment programs with multiple episodes of relapse (Exhibits 1F, 2F, 3F, 10F, 11,F, 13F, and 14F). [Plaintiff] required numerous inpatient hospitalizations from 2005-2008 generally related to substance abuse treatment, suicidal ideation, and mood stabilization (Exhibit 2F/457).

Tr. at 23-24.

In determining whether Plaintiff's mental impairments meet a listing, the ALJ appropriately considered whether the "paragraph B" criteria were satisfied. Tr. at 24. In so doing, the ALJ generally discussed a 2010 VA record which indicate evidence of a cognitive disorder, but then the ALJ noted that in the September 2011 consultative examination, "Dr. [Peter] Knox[, M.Ed., Psy.D.] reported [Plaintiff] had intact memory and understanding, adequate mental activities (IQ), and no significant issues in the area of concentration and persistence." Tr. at 24 (citation omitted). In discussing Plaintiff's activities of daily living, the

ALJ also referenced a September 2011 visit to the VA for a psychological assessment in which Plaintiff was capable of caring for his two-year old granddaughter whom he brought to the appointment with him. Tr. at 24 (referring to Exhibit 10F/42).[5]

In making her RFC assessment, the ALJ considered the testimony of Plaintiff and his wife. Tr. at 26. Additionally, the ALJ discussed in detail Plaintiff's treatment with the VA. Tr. at 26-27. The ALJ noted that "[t]he medical evidence clearly documents [Plaintiff's] extensive history for his diagnosed conditions." Tr. at 26. However, the ALJ went on to conclude that based upon the objective evidence, Plaintiff is not as limited as claimed. Tr. at 26. In reaching this conclusion, she noted that Plaintiff's "mental health symptoms are generally controlled when [Plaintiff] is compliant with treatment recommendations, including the consistent use of prescribed psychotropic medications and abstinence from polysubstance abuse." Tr. at 26.

The undersigned finds that the ALJ in her Decision thoroughly considered and scrutinized the VA records, identifying both consistencies and inconsistencies between the VA records and the record as a whole. The ALJ noted Plaintiff's "history of not going to appointments and stopping his medications." Tr. at 27 (referring to Exhibit 2F/421); see Tr. at 846. The ALJ also noted that when Plaintiff moved to Jacksonville in May 2011, Plaintiff "presented to a new treatment source for psychotropic medication refills but refused the prerequisite laboratory blood work, and consequently left without receiving an appropriate supply of medication." Tr. at 27 (citation omitted). The ALJ further noted that "[w]hen [Plaintiff was] finally seen in September 2011, he had reportedly been off prescribed anti-

---

[5] The ALJ cites to page 42 of Exhibit 10F, but should have cited page 43. See Tr. at 1616.

depressant medication for 4-5 months and reported improved symptom control after only one week of re-starting Prozac." Tr. at 27 (citation omitted).

The ALJ discussed Plaintiff's testimony "that [Plaintiff] felt unable to work because of difficulty getting along with others," but then the ALJ noted how this testimony was not corroborated by the medical records, which "fail to indicate significant social conflict in regular attendance at group therapy sessions." Tr. at 27. The ALJ also noted, "the record indicates that [Plaintiff] maintained relationships with family members, went on yearly cruises with his wife, shopped and traveled alone." Tr. at 28. And, the ALJ observed that in February 2011, Plaintiff "told a healthcare provider that he was enjoying retirement and reported hobbies including bowling and fishing." Tr. at 28 (referring to Exhibit 1F/36); see Tr. at 421.

While the ALJ did not articulate the weight attributed to the VA disability rating, she discussed in detail, and referenced throughout her opinion, the VA records. As recognized by both parties, the VA's disability rating is not binding on the Commissioner. See 20 C.F.R. § 404.1504. Here, the ALJ discussed and closely analyzed the VA records and articulated specific reasons, supported by substantial evidence, for finding Plaintiff not disabled. Accordingly, the ALJ's Decision is due to be affirmed on this issue.

## B. Medical Opinion of Dr. Sumerall

In his second argument, Plaintiff posits that an ALJ is obligated to state with particularity the weight given to different medical opinions and the reasons therefor, and he argues "it was reversible error for the ALJ to completely ignore [the] opinions [of Dr. Sumerall]." Pl.'s Br. at 18. In response, Defendant disputes that the ALJ ignored the opinions of Dr. Sumerall, and argues to the contrary that "[t]he ALJ's finding of severe

-10-

impairments appear to have been copied directly from Dr. Sumerall's November 6, 2010 report." Def.'s Mem. at 15 (referring to Tr. at 23, 885). While Defendant concedes that the ALJ does not specifically reference Dr. Sumerall by name, Defendant contends that "the ALJ's [D]ecision clearly shows she considered his report . . . and incorporated Dr. Sumerall's findings into her RFC assessment." Id. at 16.

Plaintiff saw Dr. Sumerall on November 6, 2010 for a neuropsychological evaluation. Tr. at 882-86. Upon exam,

> [Plaintiff] was alert, polite, and cooperative during the evaluation. Eye contact was adequate. He was appropriately groomed and attired. No breaks were taken. His legs often moved repetitively during the assessment. Speech was of normal rate/rhythm/volume. Thought processes were logical/linear/goal directed. He denied thoughts of harming himself and others. He has reported sleeping about 3 hours per night without medications. He has headaches about 3-4 times per month, usually upon awakening after a nightmare related to the above-described assault. He spoke of some balance difficulties. He denied a change in taste/smell from prior to the assault.

Tr. at 884. A number of tests were administered during his evaluation. Tr. at 884-85. The Axis I diagnoses included "Cognitive Disorder NOS," "ADHA," "Bipolar Disorder," "PTSD," and "Substance abuse." Tr. at 885. Dr. Sumerall concluded,

> [Plaintiff] appeared motivated to perform. [Plaintiff] was temporally oriented and basic attention was intact. General knowledge was in the average range. While encoding of new verbal information was borderline, it was considerably stronger than free retrieval. Processing Speed Index was low average. Most basic language (and visuospatial) skills were intact. [Plaintiff] demonstrated intact executive system functioning. On the other hand, the Working Memory Index was borderline. The registration and delayed free retrieval of new verbal data were quite low. Delayed figural memory was very low. He omitted three items during an auditory vigilance test. He endorsed items suggestive of mild depressive symptoms. Overall, it is this writer's opinion that a cognitive decline has occurred. The results suggest [Plaintiff] will have significant difficulty recalling new information without reminders. He also will struggle with tasks requiring concentration and remaining attentive to tasks. As a result, without prompts, he will frequently forget instructions, duties, or other information given to him. Even when he recalls what he is to do, his concentration may vacillate resulting in mistakes/omissions.

Tr. at 885-86.

An ALJ is required to consider every medical opinion. See 20 C.F.R. §§ 404.1527(c), 416.927(c) (stating that "[r]egardless of its source, we will evaluate every medical opinion we receive"). While "the ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion," Oldham, 660 F.2d at 1084 (citation omitted); see also 20 C.F.R. §§ 404.1527(d)(2), 416.927(d)(2), "the ALJ must state with particularity the weight given to different medical opinions and the reasons therefor," Winschel v. Comm'r of Soc. Sec., 631 F.3d 1176, 1179 (11th Cir. 2011) (citing Sharfarz v. Bowen, 825 F.2d 278, 279 (11th Cir.1987)); see also Moore v. Barnhart, 405 F.3d 1208, 1212 (11th Cir. 2005); Lewis, 125 F.3d at 1440. "'In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence.'" Winschel, 631 F.3d at 1179 (quoting Cowart v. Schweiker, 662 F.2d 731, 735 (11th Cir. 1981)).

In this Circuit, the ALJ must state with *particularity* the weight given to different medical opinions and the reasons therefor." Winschel, 631 F. 3d at 1179 (citations omitted) (emphasis added). Notwithstanding, if the ALJ's error does not affect the ultimate findings and the decision is supported by substantial evidence, a reviewing court may find the error to be harmless, and that the decision should be affirmed. See Tillman v. Comm'r, Soc. Sec. Admin., 559 F. App'x 975, (11th Cir. 2014) (citing Diorio v. Heckler, 721 F.2d 726 (11th Cir. 1983)). Thus, the issue becomes whether the ALJ's decision is otherwise supported by substantial evidence.

It is clear here that the ALJ did not mention Dr. Sumerall by name or identify the weight attributed to his opinions. As noted by Defendant, however, the ALJ's listing of

Plaintiff's severe impairments was identical to Dr. Sumerall's diagnoses. Compare Tr. at 23, with Tr. at 885. Additionally, the ALJ acknowledged the VA finding that Plaintiff was not employable. Tr. at 26 (referring to Exhibit 6F, Tr. at 1544-48). And, as noted above, the ALJ considered the entire record and thoroughly discussed the VA records throughout her Decision.

In making her RFC assessment, the ALJ determined Plaintiff was capable of a "full range of work at all exertional levels, but is limited to simple routine tasks in a work environment with only occasional changes, and with no exposure to the public." Tr. at 25 (emphasis omitted). By limiting Plaintiff's RFC to require only "simple, routine tasks," it appears the ALJ has taken Dr. Sumerall's opinions into account that Plaintiff "will have significant difficulty recalling new information without reminders[,] . . .will struggle with tasks requiring concentration and remaining attentive to tasks[, and] . . . will frequently forget instructions." Tr. at 886.

Although the ALJ did not specifically discuss Dr. Sumerall by name or state the weight she attributes to his opinions, the undersigned finds that any error in this instance is harmless as a remand would not likely produce a different result. Here, it is evident the ALJ considered the entire record as a whole, including the voluminous VA records, and adequately stated the basis for her RFC finding. See Tr. at 25-29. An RFC determination "is within the authority of the ALJ and the assessment should be based upon all of the relevant evidence of a claimant's remaining ability to do work despite [his] impairments." Beech v. Apfel, 100 F. Supp.2d 1323, 1331 (S.D. Ala. 2000) (citing 20 C.F.R. § 404.1546, Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997)). see also 20 C.F.R. §§

404.1527(d)(1), 416.927(d)(1) (noting that, a claimant's RFC is a matter reserved for the ALJ's determination, and while a physician's opinion on the matter will be considered, it is not dispositive).

In support of her Decision, the ALJ considered not only the lengthy medical record, but also Plaintiff's testimony that he is able to drive, travels independently to medical appointments, is capable of caring for his two-year old step-granddaughter, attends church three times per week, takes yearly cruises with his wife, shops, and is able to maintain relationships with family members. Tr. at 24, 28. Additionally, the ALJ noted "[m]edical treatment records indicate [Plaintiff's] mental health symptoms are generally controlled when [Plaintiff] is compliant with treatment recommendations, including the consistent use of prescribed psychotropic medications and abstinence from polysubstance abuse." Tr. at 26.

Further, as noted by Defendant, the ALJ cited and afforded significant weight to the opinions of four State Agency consultants. Def.'s Mem. at 16-17 (referring to Tr. at 28, 73, 86, 1543, 1558). The Agency consultants reviewed and analyzed the extensive VA records, including Dr. Sumerall's records and his diagnosis of Cognitive Disorder NOS, in rendering their opinions. Tr. at 70, 83, 1530, 1539, 1572. Jill Rowan, Ph.D., opined that Plaintiff is

> able to understand, recall, and carry out tasks that are simple and routine and basic[,] persist at such tasks with adequate pace[,] will do better if not working with others and likewise will experience less anx[iety] if not confronted with demands of the general public[,] can adapt to changes as long as they are introduced gradually[,and] attention, comprehension, concentration, and memory are all sufficient to complete simple and routine tasks at site as long as [Plaintiff] is placed away from others and away from the public's demands.

Tr. at 73 (capitalization omitted). Consultant, Theodore Weber, Psy.D., reported similar findings. Tr. at 86.

Consultants, Deborah Doxsee, Ph.D., and Nancy Dinwoodie, M.D., opined that Plaintiff can understand and follow instructions, can sustain an ordinary routine, and is capable of socially appropriate behavior.  Tr. at 1543, 1558.

Given the above factors, the undersigned finds that the ALJ's decision is supported by substantial evidence.  Accordingly, any error in the ALJ's failure to mention Dr. Sumerall specifically by name or to state the weight attributed to his opinions would be harmless.

## V. Conclusion

Based on a thorough review of the administrative transcript, and upon consideration of the respective arguments of the parties, the Court finds that the ALJ's Decision is supported by substantial evidence.

In accordance with the foregoing, it is hereby **ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g) **AFFIRMING** the Commissioner's final decision.

2. The Clerk is directed to close the file.

**DONE AND ORDERED** at Jacksonville, Florida on March 8, 2016.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

jde
copies:
counsel of record